# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marivel Molina Molina,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | No. CV-16-4299-PHX-DGC (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE:

Marivel Molina Molina filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 5) She raises three arguments, namely that (1) she should have had her removal proceedings conducted before she completed her criminal sentence, (2) due process means that her "deportation-related detention" should end within a reasonable time, and (3) her Fifth Amendment rights have been violated because she is not a flight risk or a danger to the community. (Docs. 5, 10) Respondents argue that Molina's claims do not entitle her to relief. (Doc. 16) As detailed below, the Court agrees.

**Background**

In October 2011, Molina was arrested for driving under the influence and brought to the Maricopa County Sheriff's Office Lower Buckeye Jail. (Doc. 16, Ex. A; Doc. 16-1 at 4). A few weeks later, she was interviewed in the jail by an officer from the Department of Homeland Security's Immigration and Customs Enforcement ("ICE").

(Doc. 16-1 at 4) Subsequently, ICE issued an Immigration Detainer, Notice to Appear, and an Order of Release on Recognizance. (Doc. 16-1 at 7, 9-10, 15)

In August 2012, Molina pleaded guilty to one count of criminal impersonation and was sentenced in the Maricopa County Superior Court to a term of 18 months' probation. (Doc. 16-1 at 17-20) In January 2013, ICE added additional charges of inadmissibility/deportability. (Doc. 16-1 at 27-28)

In March 2013, Molina was arrested and, in January 2014, she was convicted pursuant to a plea agreement in Maricopa County Superior Court to one count of aggravated DUI. She was sentenced to 1.5 years in prison. (Doc. 16-1 at 22-25) During her prison intake, she was interviewed by an ICE officer who placed an immigration detainer on her. (Doc. 16-1 at 30-33, 35)

In February 2015, ICE took custody of Molina and she requested a review of the custody determination by an immigration judge. (Doc. 16-1 at 12-13) In December 2015, Molina had a bond hearing and the immigration judge determined that Molina was a flight risk and posed a danger to the community. (Doc. 16-1 at 38, 41) Molina appealed this decision and, in March 2016, the Board of Immigration Appeals affirmed the immigration judge's bond decision. (Doc. 16-1 at 46, 43-44)

In February 2016, Molina requested another bond hearing. (Doc. 16-1 at 48-49) The Department of Homeland Security opposed the request. (Doc. 16-1 at 51-54) The record does not contain a ruling on this request.

Molina applied for asylum, withholding of removal, protection under the United Nations Convention Against Torture, cancellation of removal, or post-conclusion voluntary departure. (Doc. 16-1 at 58) The immigration judge denied her requests for relief. (Doc. 16-1 at 56-74) Molina appealed. (Doc. 16-1 at 77) The Board of Immigration Appeals remanded for additional fact finding. (Doc. 16-1 at 79-82) It appears that these proceedings have not concluded.

In July 2016, Molina's request for humanitarian parole was denied. (Doc. 16-1 at 86) In September 2016 and again in November 2016, Molina's requests for prosecutorial

discretion were denied. (Doc. 16-1 at 88, 90) In March 2017, Molina had another bond hearing and an immigration judge again concluded that she is a flight risk and a danger to the community. (Doc. 16-1 at 84)

**Analysis**

First, Molina argues that she was entitled to have her removal proceedings conducted before she completed her criminal sentence. (Doc. 5 at 7) As Respondents note, this argument is not supported by citation to current law. (Doc. 16 at 6-8) Although Molina does not explain whether she means her removal proceedings should have been started or concluded before the completion of her criminal sentence, the Court notes that Molina's removal proceedings were initiated in tandem with her criminal sentence and have continued after its conclusion. The Court finds no grounds for relief here.

Next, Molina argues, in two different ways, that she should not be detained any longer. She does not request another bond hearing and does not dispute that she has received bond hearings. Instead she argues that the immigration judges conducting her bond hearings should have reached a different conclusion. (Doc. 5 at 9, 10) These are arguments for an appeal not habeas corpus relief. 28 U.S.C. § 2241.

Because Molina's arguments for relief are not supported by current law and do not reflect the facts of her case, she is not entitled to relief.

**IT IS THEREFORE RECOMMENDED** that Marivel Molina Molina's Amended Petition for Writ of Habeas Corpus be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure

timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 6th day of June, 2017.

_____
David K. Duncan
United States Magistrate Judge